UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE ANTONIO DUPREE,<br><br>    Petitioner,<br><br>    v.<br><br>W. MUNIZ, Warden,<br><br>    Respondent. | No. 2:17-cv-2543 MCE AC P<br><br>FINDINGS AND RECOMMENDATIONS |

### I. Introduction

Petitioner is a state prisoner incarcerated at California State Prison Solano (CSP-SOL) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Petitioner proceeds pro se and in forma pauperis with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See ECF No. 1. Currently pending is respondent's motion to dismiss this action as untimely. ECF No. 12. Petitioner has filed a declaration in opposition to the motion, ECF No. 20, and respondent has filed a reply, ECF No. 27.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned recommends that respondent's motion to dismiss this action be granted.

////

////

1

**II. Chronology**

The following procedural history is pertinent to the court's analysis:[1]

    **A. Proceedings in Trial Court**

- **June 18, 2014**: Following a jury trial in the Sacramento County Superior Court, plaintiff was convicted of three counts of assault with a firearm, one count of discharging a firearm in a grossly negligent manner, and two counts of possession of a firearm by a convicted felon. With respect to the first three counts, the jury found that petitioner had personally used a firearm in committing the crimes. The trial court found true an allegation that petitioner was previously convicted of a serious felony offense within the meaning of the three strikes law. Petitioner was sentenced to a determinate state prison term of twenty-one years and four months. See Lodg. Doc. 1 (June 18, 2014 Abstract of Judgment).

    **B. Direct Review**

- **February 23, 2016**: The California Court of Appeal, Third Appellate District, reversed the trial court judgment as to petitioner's conviction in Count Twelve for possession of a firearm by a convicted felon. The Court of Appeal directed the trial court to prepare, certify and serve a corrected abstract of judgment and issue a corrected minute order reflecting the jury's verdict of not guilty as to Count Seven. In all other respects, the judgment was affirmed. Lodg. Doc. 2; see also Lodg. Doc. 1 (July 18, 2016 Amended Abstract of Judgment).

- **April 14, 2016**: Petitioner filed a petition for review in the California Supreme Court, which was denied on May 18, 2016. Lodg. Doc. 3.

- **May 18, 2016**: The California Supreme Court summarily denied review. Lodg. Doc. 4.

    **C. State Collateral Review**

Thereafter, petitioner filed one pro se petition for state collateral review.

---

[1] All filing dates referenced here are based on the prison mailbox rule, which provides that a document is deemed filed on the date the prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

- **May 16, 2017**: Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Lodg. Doc. 5.
- **August 16, 2017**: The California Supreme Court summarily denied the petition without citation to authority. Lodg. Doc. 6.

### D. Federal Petition for Writ of Habeas Corpus

- **November 30, 2017**: Petitioner filed the instant federal habeas petition pursuant to 28 U.S.C. § 2254. See ECF No. 1.

### III. Legal Standards

#### A. Motion to Dismiss

A respondent's motion to dismiss, after the court has ordered a response, is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989)). Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

#### B. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute provides four alternate trigger dates for commencement of the limitations period.

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214, 216-17 (2002). However, there is no statutory tolling for the period between a final state court decision and the filing of a federal petition. Duncan v. Walker, 533 U.S. 167 (2001).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

////

way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

**IV.     The Parties' Arguments**

Respondent moves to dismiss the instant federal petition on the ground it was filed after expiration of the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A). Under this subdivision, the limitations period concludes one year after "the [challenged state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Respondent contends that, although petitioner is entitled to statutory tolling during the pendency of his sole state petition for collateral review, his federal petition remains untimely filed. See ECF No. 12.

In response, petitioner does not dispute that his petition was untimely. He asserts, however, that due to construction at the prison law library he was unable to make copies of his federal petition until two weeks after the filing deadline. See ECF No. 20.

Respondent construes petitioner's opposition as a request for application of a later trigger date for commencing the statute of limitations under 28 U.S.C. § 2244(d)(1)(B), and argues that the alleged unavailability of the prison law library was not a "state-created impediment" under that provision. See ECF No. 27.

**V.     Analysis**

**A.     The Limitations Period Runs from the Finality of Conviction**

The AEDPA statute of limitations generally runs from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Alternatively, the one-year period may run from "the date on which the impediment to filing an application in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 § 2244(d)(1)(B).

Although petitioner used the words "state impediments" to describe his alleged inability to copy his petition at the law library by the filing deadline, ECF No. 20 at 1, the court does not construe his opposition as an invocation of § 2244(d)(1)(B). As respondent notes, the facts

petitioner alleges are of a type generally evaluated under equitable tolling principles.  Even if petitioner had made an argument under § 2244(d)(1)(B), it would fail.  That section by its terms requires not merely circumstances beyond petitioner's control, but circumstances that independently violated petitioner's federal rights.  Temporarily delayed access to a copier does not meet that high standard.  Moreover, to support a later commencement date for the limitations period, alleged impediments must have "prevented [petitioner] from presenting his claims in *any* form, to *any* court."  Ramirez v. Yates, 571 F.3d 993, 1001 (9th Cir. 2009) (citing Lewis v. Casey, 518 U.S. 343, 350-51 (1996)).  Petitioner was not prevented from presenting claims in any form to any court.  He filed a state habeas petition in May of 2017.  Accordingly, he cannot claim that the statute of limitations did not even begin to run until the end of November 2017, when law library access was made available to him at CSP-SOL.

The court concludes that the limitations period began when petitioner's conviction became final, pursuant to § 2244(d)(1)(A), and is subject to equitable tolling under the standards discussed below.  The court notes that a petitioner seeking delayed commencement of the limitations period under § 2244(d)(1)(B) "must satisfy a much higher bar than that for equitable tolling."  Ramirez, 571 F.3d at 1000.  Accordingly, the court's construction of the opposition as an assertion of equitable tolling rather than delayed commencement under § 2244(d)(1)(B) is favorable to petitioner.

### B. The Petition Was Filed After Expiration of the Limitations Period

After the May 18, 2016 decision of the California Supreme Court to deny direct review of his conviction, petitioner had ninety days, or until August 16, 2016, to file a petition for writ of certiorari in the United States Supreme Court.  See Rule 13, Supreme Court Rules.  Because petitioner did not pursue that option, the federal limitations period commenced the next day, on August 17, 2016.  See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition"); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of limitations period excludes last day of period for seeking direct review, by application of Fed.

R. Civ. P. 6(a)). Absent statutory or equitable tolling, the limitations period expired one year later, on August 17, 2016.

The limitations period was statutorily tolled during the pendency of petitioner's state court petition for collateral review, from May 16, 2017 through August 16, 2017, a period of ninety-three (93) days. See 28 U.S.C. § 2244(d)(2). This tolling extended the limitations period to November 18, 2017, a Saturday. Accordingly, the limitations period ended on Monday, November 20, 2017. See Fed. R. Civ. P. 6(a)(1)(C) (if the last day of a period in days is a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

Petitioner filed his federal habeas petition ten days later, on November 30, 2017. The petition was therefore untimely absent equitable tolling.

### C. Petitioner is Not Entitled to Equitable Tolling

Equitable tolling requires a showing that petitioner pursued his rights diligently but some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling is appropriate only if "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). Petitioner bears the burden of demonstrating entitlement to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

In his declaration in opposition to respondent's pending motion, petitioner states that he arrived at CSP-SOL on October 19, 2017. ECF No. 20 at 1; see also ECF No. 27-1 at 2 (confirming petitioner's transfer date to CSP-SOL, Facility B). Petitioner avers:

> Due to construction work on B-yard facility where petitioner was housed, custody refused to escort and/or allow petitioner to attend law library to make copies (see Exhibit A). It was due to state impediments that petition[er] was unable to mail his petition on or before November 17, 2017.

ECF No. 20 at 1.

Petitioner attaches a copy of a Form CDCR 22 (Inmate Request for Interview) which he submitted on August 1, 2018, seeking verification of the following:

6

> I arrived at Solano C.S.P. Oct. 19th but do to construction I was unable to make the dead line to make copies on B-yard where I am housed. Only (Priviledge Library Users) – PLU – were allowed to attend the law library up until November 30, 2017. Only then was petitioner allowed to attend law library to make copies on Nov. 30th 2017.

Id. at 3. On the same day, Correctional Office Jackson wrote a the following response on the Form CDCR 22: "Yard was down due to construction[.] There was no library." Id.

In response, respondent tenders the declaration of CSP-SOL Senior Librarian Gurmeet Kaur. ECF No. 27-1 (Kaur Decl.). Although his declaration does not address the alleged construction on B yard, Mr. Kaur states that the law library itself was "on a modified schedule during October and November 2017, due to staff shortages. During October 2017 through December 2017, the library was open a minimum of three hours to a maximum of twelve hours per week." Kaur Decl. at 2 ¶ 4; see also ECF No. 27-3 (Library schedule for A & B Yard Inmates for October & November 2017). Mr. Kaur informs the court that Dr. D. Adams, CSP-SOL Assistant Principal, prepared and posted a memorandum on October 5, 2017, informing inmates and staff of the law library's modified schedule. The memorandum was posted inside and outside the library, inside and outside the education building in each yard, and in each housing unit. Kaur Decl. at 2-3 ¶ 5; see also ECF No. 27-4 (October 5, 2017 Memorandum prepared by Dr. Adams). Mr. Kaur avers that "[a]fter reviewing the schedule and library sign-in sheets, it appears that [prior to petitioner's filing due date of November 17, 2017] the library was available to inmate Dupree . . . on his yard scheduled days: . . . October 24 [and] November 16. . . , and . . . on his unscheduled yard days (October 21 and November 11) because the library had not reached capacity." Kaur Decl. at 3 ¶ 6; see also ECF No. 27-5 (Library Sign-in Sheets). The only sign-in sheet with petitioner's name is dated November 30, 2017. See ECF No. 27-5 at 32.

Moreover, Mr. Kaur declares that petitioner could have obtained a copy of his federal petition without physically accessing the law library. Mr. Kaur avers that petitioner could have made "remote copy requests" utilizing a CDCR Form 22 Request and CDC-0193 Trust Account Withdrawal Order Form, which were available in each housing unit. Kaur Decl. at 3 ¶ 7; see also ECF No. 27-6 (inmate request forms). Kaur further states that "petitioner could also have had his

7

housing Officer on duty call the library staff to accommodate him for photocopy service." Kaur Decl. at 3 ¶ 7.

The Ninth Circuit has held that ordinary prison limitations on law library and copier access do not rise to the level of "extraordinary circumstances" or make it "impossible" for prisoners to file in a timely manner. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). The limitations petitioner asserts here are far from unusual in nature or duration; rather, they are the unfortunate but typical incidents of prison life. Accordingly, Ramirez governs and requires that equitable tolling be denied.

Moreover, regardless of library availability or accessibility in October and November 2017, respondent has demonstrated that petitioner had alternative means for obtaining copies of his federal petition before the filing deadline, by making a "remote copy request" or asking his housing officer to make special arrangements with library staff. Accordingly, the court cannot conclude that petitioner's inability to visit the library made it impossible for him to file his petition on time.

Nor has petitioner demonstrated that he acted diligently in seeking to obtain copies of his petition before the filing deadline. Petitioner does not inform the court when he completed his federal petition. Petitioner was transferred to CSP-SOL more than two months after the California Supreme Court denied review of his state habeas petition. If his federal petition was ready to file before petitioner's transfer to CSP-SOL, he could have copied and filed it then. If the petition was completed after petitioner's transfer to CSP-SOL, petitioner's failure to seek copies by alternative means is inconsistent with diligence. As a last resort, petitioner could have timely filed his original petition in this court with an explanation and request that it be returned to him after the petition was electronically filed and docketed. Equitable tolling requires a showing that, *despite* petitioner's diligence, "extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of the prisoner's untimeliness." Sossa v. Diaz, 729 F.3d 1225, 1229 (9th Cir. 2013) (original emphasis) (citations and internal quotation marks omitted). Petitioner has not met his burden of demonstrating either requirement.

For all these reasons, the undersigned finds that equitable tolling does not apply, and that the federal petition was untimely filed.  Accordingly, the petition must be dismissed.

**VI. Conclusion**

Accordingly, for the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 12, be GRANTED; and

2. Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: January 16, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE